**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE  DIVISION**

**CIVIL NO. 1:09CV237-T-02
(1:08CR43-1-T)**

| | |
|---|---|
| **BLAKE CHARLES LORCHER,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| **vs.** ) | **MEMORANDUM AND** |
| ) | **O R D E R** |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |
| _____ ) | |

THIS MATTER is before the Court on Petitioner's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, filed July 6, 2009. No response is necessary from the Government.


## I.  STANDARD OF REVIEW

A prisoner in federal custody may attack his conviction and sentence on the grounds that it is in violation of the Constitution or United States law, was imposed without jurisdiction, exceeds the maximum penalty, or is otherwise subject to collateral attack.  **28 U.S.C. § 2255**.  However,

[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

**Rule 4, Rules Governing Section 2255 Proceedings for the United States District Courts.**  The Court, having reviewed the record of the criminal proceedings, enters summary dismissal for the reasons stated herein.

## II.  PROCEDURAL HISTORY

On April 1, 2008, Petitioner was charged with conspiring to possess with intent to distribute at least 500 grams of a mixture of methamphetamine, and less than 500 grams of a mixture containing methamphetamine "ice," all in violation of 21 U.S.C. § 841 and 846.  **Bill of Indictment, filed April 1, 2008**.  On June 6, 2008, Petitioner signed a plea agreement with the Government wherein he agreed to plead guilty to the conspiracy charge.  **Plea Agreement, filed June 19, 2008, at 1**.  Pursuant to that agreement, Petitioner further stipulated that the amount of methamphetamine mixture which was  known to or reasonably foreseeable by him was at least 1.5 kilograms but less than 5 kilograms, and the

amount of methamphetamine ice which was foreseeable to him was at least 50 grams but less than 150 grams. *Id*. **at 1-2**. Pertinent here, Petitioner's plea agreement also contains a waiver of his right to contest his conviction and/or his sentence in a post conviction proceedings on any grounds other than ineffective assistance of counsel and/or prosecutorial misconduct. *Id*. **at 5.**

On June 25, 2008, Petitioner appeared with one of his two attorneys before the Magistrate Judge for a Rule 11 hearing to formally enter his guilty plea. On that occasion, the Court engaged Petitioner in its standard, lengthy plea colloquy to ensure that his guilty plea was being intelligently and voluntarily tendered. **Rule 11 Inquiry and Order of Acceptance of Plea, filed June 25, 2008.**

By his sworn responses to the Court's numerous questions, Petitioner, *inter alia*, acknowledged that he was aware of and understood the charge and penalties he was facing. *Id*. **at 4**. Petitioner's answers further established that he was entering his guilty plea because he was, in fact, guilty of the subject charge; that no one had made him any promises of leniency or a light sentence in order to induce his guilty plea; and that no

one had threatened, intimidated, or otherwise forced him to plead guilty. *Id.* **at 7.**

With regard to his plea agreement, Petitioner's answers established that he understood the terms of his plea agreement  and was in agreement with those terms.  *Id.* **at 8**.  More particularly, Petitioner informed the Court that he had discussed his waiver of his appellate and collateral review rights with his counsel and he understood that by signing the plea agreement and entering the guilty plea, he was waiving his rights to direct appeal of his conviction and sentence and/or file a collateral challenge of those matters in a post-conviction proceeding on any grounds except ineffective assistance of counsel and prosecutorial misconduct.  *Id.* Finally, Petitioner told the Court that he knowingly and willingly accepted the foregoing limitations on his appellate and post-conviction rights, and that he was satisfied with his attorneys' services.  *Id.*  Based upon these and the other answers given by Petitioner, the Magistrate Judge found that his guilty plea was knowingly and voluntarily made and that Petitioner understood the charges, penalties and consequences of his plea; therefore, Petitioner's guilty plea was accepted by the Court.  *Id.* **at 8-9**.

On October 17, 2008, the Probation Office filed a presentence report noting, notwithstanding the stipulations set forth in his plea agreement, that at a minimum, Petitioner actually was responsible for 5,767.3 grams of methamphetamine mixture and 77.7 grams of methamphetamine ice. **Presentence Investigation Report (Final), filed October 17, 2008, ¶ 11**. The Report further noted that Petitioner was subject to a two-level enhancement for a firearm which was found – along with various quantities of methamphetamine and marijuana – during a search of his bedroom. *Id.* **¶ 19**. Using the stipulated amounts of drugs set forth in his plea agreement, Petitioner's Total Offense Level was calculated to be 33 and his Criminal History Category at II, thereby yielding a recommended Sentencing Guidelines range of 151 to 188 months imprisonment, as opposed to the 188 to 235-month Guideline range Petitioner would have faced but for the plea agreement's stipulations. *Id.* **¶¶ 26, 32, 54-55.** Prior to the issuance of that final Presentence Report, however, Petitioner filed several objections arguing, among other matters, that he was not subject to the two-level firearm enhancement; therefore, his Offense Level should have been calculated at 31 with a Criminal History Category at II resulting in a corresponding sentencing range of 108 to 135 months

imprisonment.  **Defendant's Objections To Presentence Report, filed October 6, 2008, and 1-2**.

On October 23, 2008, the Government filed a motion for a downward departure pursuant to both U.S. Sentencing Guidelines § 5K1.1 and 18 U.S.C. § 3553(e), requesting the Court to reduce Petitioner's Total Offense Level to 28, thereby exposing him to a sentencing range of 87 to 108 months.[1]  **Motion for a Downward Departure, filed October 23, 2008, at 3**.  In addition, Petitioner filed his own request for a downward variance due in large part to the "oppressive conditions" he alleged he was exposed to during his pretrial detention.  **Motion for a Reasonable Sentence, filed October 23, 2008, at 1-3**.

On October 29, 2008, Petitioner appeared before the Court for sentencing.  Based upon the Government's agreement with Petitioner's objection to the firearm enhancement, the Court sustained that objection and directed the Probation Officer to strike that information from the presentence report.  **Statement of Reasons, filed under seal November 5, 2008, at 1**.  Thereafter, the Court determined that Petitioner's Offense

---

[1]Because the Government agreed with Petitioner's objection to the two-level gun enhancement, its motion listed Petitioner's pre-departure Total Offense Level as 31 rather than 33.

Level was 31, his Criminal History Category was II, his corresponding range of imprisonment was 121 to 151 months imprisonment, and that he was subject to a statutory mandatory minimum term of 10 years imprisonment. *Id*. The Court denied Petitioner's request for a downward variance, but granted the Government's motion for a downward departure. Ultimately, the Court sentenced Petitioner to a total term of 87 months imprisonment. **Judgment in a Criminal Case, filed November 5, 2008.** At the conclusion of his hearing, the Court advised Petitioner of his right to appeal any matters which were not waived by virtue of his plea agreement; nevertheless, Petitioner did not file an appeal.

In Petitioner's motion to vacate, he first argues he is entitled to a sentence reduction on the ground that one of his two misdemeanor convictions for simple battery – which he sustained in Cobb County Georgia in 2003 – recently was reduced to a disorderly conduct conviction under Cobb County Code, Section 86-2. **Motion to Vacate, at 1 and Exhibit A**. Second, Petitioner alleges that his Presentence Report erroneously recommended that he be assessed with one point for each of his two prior misdemeanor convictions for driving under the influence and

making harassing phone calls.  *Id*. **at 5**. Therefore, Petitioner contends that with the removal of these two points, he is entitled to be re-sentenced.

## III.  DISCUSSION

It is well settled that a "criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary."  *United States v. Lemaster,* **403 F.3d 216, 220 (4th Cir. 2005).**  It is equally well settled that a defendant may waive his appellate rights under 18 U.S.C. § 3742 .  *United States v. Wiggins*, **905 F.2d 51, 53 (4th Cir. 1990)**.

As previously noted, that Petitioner signed a plea agreement wherein he agreed to waive his rights to challenge his conviction and sentence on any grounds other than ineffective assistance of counsel and/or prosecutorial misconduct.  The record further reflects Petitioner's sworn affirmations that his plea was intelligently and voluntarily entered and that he understood and agreed with the terms of his plea agreement, including the waiver provisions and resulting limitations.  Indeed, Petitioner has never challenged the validity of the waiver provisions or his sworn affirmations relating thereto and does not do so now.

In *United States v. Greene*, 148 F.Supp. 2d 626, 628 n.3 (E.D. Va. 2001), the district court acknowledged that absent a relevant amendment to that defendant's plea agreement, a similar waiver provision would have precluded the defendant from seeking a sentence reduction under § 2255, notwithstanding the invalidation of a prior conviction which was used to calculate the defendant's sentence. Thus, because the waiver provision contained in Petitioner's plea agreement has not been shown to be invalid or otherwise unenforceable and his claims do not allege either ineffective assistance of counsel or prosecutorial misconduct, he simply is not entitled to proceed on either of his claims for re-sentencing.

Moreover, the Court observes that even if Petitioner's claims were not barred by the plea agreement's waiver provisions, he likely would not be entitled to any relief.

First, while Petitioner has submitted a copy of the Georgia Court's Order reducing one of his simple battery convictions to a lesser offense, his Presentence Report reflects that there were two simple battery convictions and those matters were consolidated for sentencing. Notwithstanding the fact that one of the two convictions was reduced, the Order upon which Petitioner relies is silent as to the continued existence of

the other conviction.  Therefore, Petitioner remains subject to the inclusion of that other conviction in his criminal history calculations.

Second, although Petitioner could not have pursued a direct appeal on the basis of the reduction of his simple battery conviction due to the fact that such action had yet to occur, he clearly could have pursued a direct appeal of his other claim of sentencing error as that matter was apparent at the time of sentencing.  In order for Petitioner now to collaterally attack his sentence based upon errors that could have been but were not pursued on direct appeal, he would have to "show cause and actual prejudice resulting from the errors of which he complains[,] or he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack."  ***United States v. Mikalajunas*, 186 F.3d 490, 492-93 (4th Cir. 1999) (citing *United States v. Frady*, 456 U.S. 152, 167-68 (1982)); *see also Bousley v. United States*, 523 U.S. 614, 621 (1998) (*habeas* review is an extraordinary remedy and will not be allowed to do service for an appeal; and failure to challenge a matter on direct appeal, absent certain compelling circumstances, bars collateral review of same); *Stone v. Powell*, 428 U.S. 465, 477 n.10 (1976)**.

Petitioner does not attempt to articulate cause and prejudice or actual innocence with respect to his procedural default of this claim. Therefore, this claim of sentencing error is both barred by Petitioner's waiver contained in the plea agreement and by his procedural default of the claim.

## IV.  ORDER

**IT IS, THEREFORE, ORDERED** that Petitioner's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 is hereby **DENIED**, and the action is dismissed by way of Judgment filed herewith.

Signed: July 17, 2009

Lacy H. Thornburg
United States District Judge